Diana YOUNIS; et al., Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70895.

Agency Nos. A95–294–245, A95–294–225, A95–294–246.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 16, 2005.

Maziar Razi, Sherman Oaks, CA, for Petitioners.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Anh-Thu P. Mai, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM***

Diana Younis and her children Roda and Luana Younis, natives and citizens of Israel, petition for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

■ Petitioners contend that the hostile acts perpetrated on them by a Muslim family constitute persecution on account of a protected ground. We disagree. The record indicates that the source of the hostility was a personal dispute that arose due to the premarital romantic relationship between Roda Younis and a young Muslim woman. Because "[p]urely personal retribution is, of course, not persecution ..." *Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001) (citation omitted), substantial evidence supports the conclusion that petitioners failed to sustain their burden of establishing persecution on account of a statutorily protected ground. *See Kozulin v. INS*, 218 F.3d 1112, 1117 (9th

Cir.2000) (rejecting possibility of "mixed motive" where the evidence taken as a whole, including petitioner's own testimony, suggests that the threats were not based on an enumerated ground).

■ Substantial evidence also supports the IJ's finding that petitioners have failed to establish a well-founded fear of future persecution. Even if petitioners could establish that they are members of a disfavored group, *see Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir.2004), they have not established a sufficiently individualized risk to compel the conclusion that they have a well-founded fear of persecution. *See id.* at 927.

■ Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ Petitioners have waived their claim for protection under the Convention by failing to raise any arguments in the opening brief challenging the IJ's denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.